IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| MARINA BARTASHNIK, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 05 C 2731 |
| v. | ) ) ) | |
| BRIDGEVIEW BANCORP, INC. d/b/a BRIDGEVIEW BANK and MEIRTRAN, INCORPORATED, | ) ) ) ) | Judge Moran Magistrate Judge Keys |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO STRIKE**
**DEFENDANT BRIDGEVIEW BANCORP, INC.'S AFFIRMATIVE DEFENSES**

Plaintiff Marina Bartashnik, by and through her attorneys, moves this Court to strike Defendant Bridgeview Bancorp, Inc. d/b/a Bridgeview Bank's Affirmative Defenses. In furtherance of her motion, Plaintiff states as follows:

1.  On September 21, 2005, Defendant Bridgeview Bancorp, Inc. filed its Answer to Plaintiff's Complaint and its Affirmative Defenses thereto.

2.  Bridgeview Bancorp, Inc. claimed the following nine affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

No act or omission of Defendant was a substantial cause of the occurrence referred to in the Complaint, or any injury, damage, or loss to Plaintiff, nor was any act or omission of Defendant a contributing cause thereof, and any act or omission of Defendant was superseded by the acts or omissions of other persons, and those acts or omissions were the independent, superseding, intervening and proximate cause of the accident and damage alleged in this action, and/or the damages alleged were the result of an act or acts of God.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damage, if any, was proximately caused by the negligence or wrongful conduct of others, who were outside the control of Defendant, and not by Defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because of a failure to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed because she has failed to join necessary and indispensable parties.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by payment, release and/or accord and satisfaction.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by set-off and/or recoupment.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by waiver, estoppel, and/or laches.

### EIGHTH AFFIRMATIVE DEFENSE

This Court is not the proper venue for Plaintiff's claims and Plaintiff's claims should be dismissed or transferred to a more appropriate venue.

### NINTH AFFIRMATIVE DEFENSE-BAD FAITH BY PLAINTIFF

Plaintiff's cause of action against Defendant was brought in bad faith or for purposes of harassment, so pursuant to 15 U.S.C. § 1693m(f), Defendants are entitled to its reasonable attorney's fees for its defense of this action.

3. These affirmative defenses should be stricken as they are wholly deficient on their face.[1] Pursuant Federal Rule of Procedure 12(f), "the court may order stricken from any

---

[1] *See Stafford v. Connecticut General Life Insurance Co.*, No. 95-C7152, 1996 U.S. Dist. LEXIS 5307, *4 (N.D. Ill. 1996).

pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."

4. "Rule 8(a) [of the Federal Rules of Civil Procedure] and the Seventh Circuit agree that a defendant does have a <u>duty</u> to allege 'the necessary elements' of its defense in order to conform with the Federal Rules."[2] Moreover, a defendant "must provide enough facts so that, at a minimum, plaintiff is put on notice as to which of its actions are complained of."[3]

5. Thus, in order for an affirmative defense to survive a motion to strike, it "must set forth a 'short and plain statement' of the defense, and if an affirmative defense is insufficient on its face or compromises no more than 'bare bones conclusory allegations,' it must be stricken."[4]

6. Here, all of Defendant's affirmative defenses are mere conclusory allegations without any supporting facts, and on that basis, they must be stricken.

7. Defendant's Affirmative Defenses, Numbers One, Two, Three, Seven, and Nine are completely inadequate as they merely make bare bones allegations that: 1) Defendant was not the cause of Plaintiff's injury or any of its acts or omissions were superseded by the actions of other persons, and/or the result of an act or acts of God or other persons; 2) Plaintiff's claims are barred because of her failure to mitigate damages; 3) Plaintiff's claims are barred by waiver, estoppel, and/or laches; and 4) Plaintiff's action is brought in bad faith or to harass Defendants. Clearly, these defenses are no more than conclusory allegations that fail to put the Plaintiff on notice of the necessary facts. For instance, in *Surface Shields, Inc. v. Poly-Tak Protection Systems, Inc.*, the Northern District of Illinois struck down these same affirmative defense as "in

---

[2] *Id.* (*quoting Heller*, 883 F.2d at 1295) (emphasis added).

[3] *Id.* (*quoting Heller*, 883 F.2d at 1295).

[4] *Id.* at *4 (*quoting Heller Financial, Inc. v. Midwhey Powder Co., Inc. et al.*, 883 F.2d 1286, 1294-95 (7th Cir. 1989)).

no instance [did Defendant] attempt to explain why th[ese] action[s] would provide it with a defense [and] [i]n no instance did it allege any specific facts which might support its conclusions.[5]  Likewise, these defenses should also be stricken as they are completely void of any support whatsoever.

8.  Similarly, Defendant's Affirmative Defenses, Numbers 5 and 6, which allege that Plaintiff's claims are barred by: 1) payment, release and/or accord and satisfaction; and 2) by set-off and/or recoupment, are also inadequate.  Defendant provides no basis for such defenses, nor are these defenses supported by even one fact.  Instead, Defendant "omitted any short and plain statement of facts and failed to totally allege the necessary elements of the alleged claim[]."[6]  As a result, Defendant's Fifth and Sixth Affirmative Defense must be stricken because Defendant has not adequately stated the nature of the claim such that Plaintiff is put on notice of the attendant facts.[7]

9.  Finally, Defendant's Fourth and Eight Affirmative Defenses are wholly inadequate and must be stricken.  Merely stating that this case should be dismissed 1) because she has failed to join necessary and indispensable parties and 2) because this Court is not the appropriate venue for this case are "not . . . affirmative defense[s] which add[] substance to the litigation; [they] are clutter."[8]  As in *Stafford v. Connecticut General Life Insurance Co.*, these affirmative defenses should be stricken as such defenses are "merely conclusory allegations that

---

[5]  213 F.R.D. at 308.

[6]  *Heller*, 883 F.2d at 1295.

[7]  *See Surface Shields, Inc.*, 213 F.R.D. at 308.

[8]  *Id.*

the [d]efendant has not supported by any facts whatsoever" such that each affirmative defense is "deficient on its face."[9]

WHEREFORE, Plaintiff Marina Bartashnik respectfully requests that this Court grant her Motion to Strike Defendant Bridgeview Bancorp, Inc.'s Affirmative Defenses.

Respectfully submitted,

By: _____
One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
THE CONSUMER ADVOCACY CENTER, P.C.
180 West Washington, Suite 700
Chicago, IL 60602
(312) 782-5808

---

[9] *Stafford*, 1996 U.S. Dist. LEXIS 5307, at *4.