*AC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MARINA BARTASHNIK, individually )
and on behalf of all others similarly )
situated, )
                          )
        Plaintiff, )
                          )
        vs. )        No. 05 C 2731
                          )
BRIDGEVIEW BANCORP, INC., d/b/a )
BRIDGEVIEW BANK, and )
MEIRTRAN, INCORPORATED, )
                          )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Marina Bartashnik brought this action individually and on behalf of others similarly situated, against defendants Bridgeview Bancorp, Inc., (Bridgeview Bank) and Meirtran Inc. (Meirtran) (collectively defendants), alleging violations of the Electronic Funds Transfer Act (EFTA), 15 U.S.C. §§ 1693-1693r, and accompanying regulations, after defendants charged her and others transaction fees at automated teller machines (ATMs) without posting notice of those fees outside of the ATMs.[1] Each defendant has filed nine affirmative defenses. Plaintiff now moves under FED. R. CIV. P 12(f) to strike all of Bridgeview Bank's affirmative defenses and Meirtran's affirmative defenses 3 through 9. For the following reasons, plaintiff's motion is granted in part and denied in part.

Affirmative defenses are pleadings that must comply with the Federal Rules of Civil Procedure by including a short and plain statement of the basis for the defense. Heller Fin.,

---

[1] Specifically, plaintiff seeks relief under 15 U.S.C. § 1693(d)(3)(B)(i), and its implementing regulation, 12 C.F.R. § 205.16. Provisions in section 1693, including section 1693b(d)(3), were amended by the ATM Reform Act of 1999, Pub. L. No. 106-102, §§ 701-05, 113 Stat. 1463 (1999). See Burns v. First. Am. Bank, 2005 U.S. Dist. LEXIS 9485, *4-5, 2005 WL 1126904 (N.D. Ill. 2005).

Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). Rule 12(f) allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See also* Van Schouwen v. Connaught Corp., 782 F. Supp. 1240, 1245 (N.D. Ill. 1991) (stating that a Rule 12(f) motion may be used to strike any "impertinent or redundant matter in any pleading and is the primary procedure for objecting to an insufficient defense."). Generally, courts disfavor motions to strike because of their potential to cause delay. Yet, striking affirmative defenses may also increase efficiency if those pleadings provide only "unnecessary clutter." Heller, 883 F.2d at 1294. Courts in this district have applied a three-part test when assessing the sufficiency of an affirmative defense. Under that test the matter must be properly pleaded as an affirmative defense; it must comply with Rules 8 and 9; and it must withstand a Rule 12(b)(6) challenge. *See* Bobbit v. Victorian House, Inc., 532 F. Supp. 734, 737 (N.D. Ill. 1982); Yash Raj Films Inc. v. Atl. Video, 2004 U.S. Dist. LEXIS 9739, *7, 2004 WL 1200184 (N.D. Ill. 2004); Builders Bank v. First Bank & Trust Co., 2004 U.S. Dist. LEXIS 5016, *6, 2004 WL 626827 (N.D. Ill. 2004); Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc., 2003 U.S. Dist. LEXIS 4964, *8-9, 2003 WL 1720073 (N.D. Ill. 2003). By alleging that the affirmative defenses are facially insufficient, plaintiff focuses on the second Bobbit factor.

Plaintiff argues that all of Bridgeview Bank's affirmative defenses, and Meirtran's defenses 3 through 9, are nothing more than conclusory allegations that lack short and plain statements of fact. Meirtran's defenses 3 through 9 are identical to Bridgeview Bank's defenses 3 through 9. The affirmative defenses state as follows:

> 1. No act or omission of Defendant was a substantial cause of the occurrence referred to in the Complaint, or any injury, damage, or loss to Plaintiff, nor was any act or omission of Defendant a contributing cause thereof, and any act or omission of Defendant was superseded by the acts or omissions of other persons,

and those acts or omissions were the independent, superseding, intervening and proximate cause of the accident and damage alleged in this action, and/or the damages alleged were the result of an act or acts of God.

2. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damage, if any, was proximately caused by the negligence or wrongful conduct of others, who were outside the control of Defendant, and not by Defendant.

3. Plaintiff's claims are barred, in whole or in part, because of a failure to mitigate damages.

4. Plaintiff's claims should be dismissed because she has failed to join necessary and indispensable parties.

5. Plaintiff's claims are barred, in whole or in part, by payment, release and/or accord and satisfaction.

6. Plaintiff's claims are barred, in whole or in part, by set-off and/or recoupment.

7. Plaintiff's claims are barred, in whole or in part, by waiver, estoppel, and/or laches.

8. This Court is not the proper venue for Plaintiff's claims and Plaintiff's claims should be dismissed or transferred to a more appropriate venue.

9. Plaintiff's cause of action against Defendant was brought in bad faith or for purposes of harassment, so pursuant to 15 U.S.C. § 1693m(f), Defendants are entitled to its [sic] reasonable attorneys' fees for its [sic] of this action.

Plaintiff claims that defendants have failed to provide any factual basis or similar grounds to support the defenses, and that they do not provide plaintiff with adequate notice of those defenses. Bridgeview Bank counters, arguing that the EFTA specifically authorizes affirmative defenses 1, 2 and 9. As to affirmative defenses 3 through 8, Bridgeview Bank asserts that plaintiff cannot state she is unaware of the claims.

Plaintiff argues that the first two affirmative defenses are conclusory allegations that fail to provide notice of necessary facts. However, in her reply memoranda, plaintiff accurately encapsulates the gist of the first two affirmative defenses. She writes that those

defenses "state that Defendant was not the cause of Plaintiff's injury or any actions it may or may not have taken were superseded by the actions or negligence of others." Still, she claims lack of notice. In the first and second affirmative defenses Bridgeview Bank essentially claims that another party or event was responsible for the fact that the ATM in question lacked the required notice of transaction fees. Granted, the second affirmative defense presents this claim in more certain terms, but the gist is also apparent in the first defense. Defendant is entitled to assert these defenses under 15 U.S.C. § 1693h(d), which specifically excuse from liability ATM operators who properly post notice required by § 1693b(d)(3(B)(i) when the notice "is subsequently removed, damaged, or altered by any person other than the [ATM operator]."

Further, the fact that plaintiff responded to Meirtran's first and second affirmative defenses is inconsistent with her claim that Bridgeview Bank's first two affirmative defenses fail to provide notice. Meirtran's and Bridgeview Bank's affirmative defenses are substantially similar. The only difference between the two pleadings is that Meirtran includes in its first two affirmative defenses several paragraphs stating that proper notice was posted outside of the ATM in question. This difference is minor, but it justifies striking Bridgeview Bank's first two affirmative defenses. An affirmative defense must contain all the necessary elements, and providing proper notice in compliance with section 1693b(d)(3)(B)(i) is an element of the section 1693h(d) exception. Bridgeview Bank's affirmative defenses, unlike those pleaded by Meirtran, fail to include this element. Bridgeview Bank's first two affirmative defenses are stricken without prejudice.

Plaintiff argues that the "failure to mitigate damages" defense should be struck because it is conclusory and fails to include necessary facts. She augments this argument in her reply memoranda and presents new authority supporting her contention that the failure to mitigate

defense is improper because EFTA is a strict liability statute. We would generally overlook this supplemental argument (*see* aaiPharma, Inc. v. Kremers Urban Dev. Co., 361 F. Supp. 2d 770, 774 (N.D. Ill. 2005)), but since Rule 12(f) allows the court to strike any insufficient defense "upon the court's initiative at any time," we view it within the scope of our inquiry.

Plaintiff cites no authority to support her claim that EFTA is a strict liability statute, and in light of the exception in section 1693h(d) it is difficult to agree with plaintiff's assessment. *See also* section 1693m(c).[2] Moreover, we construe the affirmative defense to challenge the extent of liability, and not the existence of liability, because it states that plaintiff's claim is barred "in part" by her failure to mitigate damages. Even if defendants face strict liability, a failure to mitigate defense could impact the degree of their liability. *See* Ring v. Bd. of Educ. Cmty. Sch. Dist. No. 60, 2004 U.S. Dist. LEXIS 14321, *15-16, 2004 WL 1687009 (N.D. Ill. 2004) ("Failure to mitigate damages, as opposed to liability, is an appropriate affirmative defense under Fed. R. Civ. P. 8(c)."); Yash Raj Films Inc. v. Atl. Video, 2004 U.S. Dist. LEXIS 9739, *11-12 (N.D. Ill. 2004); Nat'l Accident Ins. Underwriters, Inc. v. Citibank F.S.B., 243 F. Supp. 2d 769, 771 (N.D. Ill. 2003) ("all 'strict liability' means is 'liability without fault.' ... There is nothing to suggest that it means an absence or elimination of any possible affirmative defenses."). Section 1693m allows for actual damages, which plaintiff seeks in addition to statutory damages, and failure to mitigate actual damages may be a viable defense.

In Ivanhoe Fin., Inc. v. Highland Banc Corp., 2004 U.S. Dist. LEXIS 18521, 2004 WL 2091997 (N.D. Ill. 2004), the plaintiff brought a fraud action against defendant arising from

---

[2] This subsection is entitled, "unintentional violations; bona fide error," and provides that a person is not liable if he "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." The fact that the statute provides exceptions for liability is inconsistent with strict liability.

fraudulent mortgage loan packages. The defendant filed several affirmative defenses, including a failure to mitigate damages defense. The plaintiff moved to strike that defense, arguing that the defendant neglected to indicate what damages plaintiff failed to mitigate. Noting that it was unclear whether the failure to mitigate damages affirmative defense alleged that the plaintiff failed to verify the loan information (which it had no duty to do), or if it alleged another act or omission (which could state a viable defense), the court struck the defense but granted leave to replead. Unlike the plaintiff in Ivanhoe, plaintiff has not alleged that the failure to mitigate affirmative defense is insufficient because it has no duty to mitigate. Rather, plaintiff merely claims that the defense is conclusory and bereft of necessary facts. At this stage it is unreasonable to expect defendants to have specific information about mitigation. Yash Raj Films, 2004 U.S. Dist. LEXIS 9739,*12; Chronister v. Superior Air/Ground Ambulance Serv., 2005 U.S. Dist. LEXIS 27252, *10-11, 2005 WL 3019408 (N.D. Ill. 2005); Tome Engenharia E. Transportes v. Malki, 1996 U.S. Dist. LEXIS 4585, 1996 WL 172286 (N.D. Ill. 1996); Am. Top. English v. Lexicon Mktg. (USA), Inc., 2004 U.S. Dist. LEXIS 23640, *35, 2004 WL 2271838 (N.D. Ill. 2004) ("the standard for pleading mitigation is generally liberal"). The third affirmative defense specifically notifies plaintiff of the issue raised, and the motion to strike it is denied. *See* Mobley v. Kelly Kean Nissan, Inc., 864 F. Supp. 726, 732 (N.D. Ill. 1993).

In the fourth affirmative defense defendants assert that plaintiff's case must be dismissed because she failed to join necessary and indispensable parties. Plaintiff argues that the defense must be stricken because it is conclusory and facially deficient. Failure to join a party is grounds for dismissal under Rule 12(b)(7). The fourth affirmative defense is silent as to exactly who plaintiff has failed to include in the complaint, and why this party is necessary

to her action. The second defense in Form 20 of the Appendix to the Federal Rules, which is deemed sufficient by Rule 84, sets forth a defense that resembles the failure to join defense. The sample defense specifically mentions the party to be joined, why such joinder is necessary, and how the joinder will not adversely affect jurisdiction and venue.[3] These details are not present in the fourth affirmative defense, which is accordingly stricken.

Plaintiff seeks to dismiss the fifth affirmative defense because it does not present any factual basis. Payment, release, and accord and satisfaction, are defenses listed in Rule 8(c). However, courts have consistently held that stringing together a list of affirmative defenses fails to satisfy the Rule 8(a) short and plain statement requirement. *See* Am. Top. English, 2004 U.S. Dist. LEXIS 23640, *34; Yash Raj Films, 2004 U.S. Dist. LEXIS 9739, *9; Builders Bank, 2004 U.S. Dist. LEXIS 5016, *17. Defendants fail to set forth any elements of the defenses. Plaintiff does not argue that the defenses presented in the fifth affirmative defense are unavailable under the EFTA, and they are therefore stricken without prejudice.

In the sixth affirmative defense, defendant asserts that plaintiff's claims are barred by "set-off and/or recoupment." These defenses are not listed in Rule 8(c). It has been observed that set-off is not an affirmative defense "because it does not destroy . . . plaintiff's right of action." *See* Am. Top. English, 2004 U.S. Dist. LEXIS 23640, *36. Both set-off and recoupment involve counter demands. *See* BLACK'S LAW DICTIONARY 1372 (6th ed. 1990) (defining set-off as a "counter-claim demand which defendant holds against plaintiff, arising out of a transaction extrinsic of plaintiff's cause of action"); *id.* at 1275 (defining the allegation

---

[3]The second defense in Form 20 states:
If defendant is indebted to plaintiffs for the goods mentioned in the complaint, he is indebted to them jointly with G. H. G. H. is alive; is a citizen of the State of New York and a resident of this district, is subject to the jurisdiction of this court, as to both service of process and venue; can be made a party without depriving this court of jurisdiction of the present parties, and has not been made a party.

of recoupment in a pleading as "set[ting] forth a claim against the plaintiff when an action is brought against one as a defendant"). Defendants do not claim that any counter demand has been made and the sixth affirmative defense is stricken. *See* Minalga v. Fid. Invs. Institutional Operations Co., 2002 U.S. Dist. LEXIS 22038, *4, 2002 WL 31527251 (N.D. Ill. 2002).

Waiver, estoppel and laches "are equitable defenses that must be pled with the specific elements required to establish the defense." Yash Raj Films, 2004 U.S. Dist. LEXIS 9739 , *8-9 (citing cases). Courts have "consistently struck" these defenses when they are insufficiently pled. *Id*. Here, defendants fail to set forth any allegations beyond bare-bones legal conclusions. The seventh affirmative defense is therefore stricken without prejudice.

In the eighth affirmative defense, defendants challenge venue and posit that the claims should be dismissed or transferred to a more appropriate venue. This affirmative defense is improper because affirmative defenses should raise matters outside the scope of a plaintiff's prima facie case. Ring, 2004 U.S. Dist. LEXIS 14321, *6. Affirmative defenses are more than simple denials and should not merely negative elements that a plaintiff must prove. Here, plaintiff must show venue is proper, and the affirmative defense challenging venue is stricken with prejudice. The proper challenge to venue is a denial in the answer or a 12(b)(3) motion. *See* Beveridge v. Mid-West Mgmt., Inc., 1999 U.S. Dist. LEXIS 20564, *4, 1999 WL 1295115 (N.D. Ill. 1999).

Lastly, in the ninth affirmative defense defendants claim that plaintiff has brought the action in bad faith or for purposes of harassment, which entitles them to fees and costs under section 1693m(f). Unlike the defense challenging venue, this defense addresses issues external to the pleadings. It does not appear that this defense is a species of fraud, which would require particular pleading under Rule 9(b). As written, the defense provides adequate notice to

plaintiff that defendant claims she acted in bad faith by filing this action.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to strike is granted in part and denied in part. The following affirmative defenses are stricken without prejudice: Bridgeview Bank's first and second affirmative defenses, and the fourth, fifth, sixth and seventh defenses. The motion to strike the third and ninth affirmative defense is denied. The eighth affirmative defense is stricken with prejudice.

James B. Moran
**JAMES B. MORAN**
Senior Judge, U. S. District Court

Dec. 15 , 2005.